UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ALASKA LOCAL 375 PLUMBERS & PIPEFITTERS TRUST FUNDS; by ROBERT HUBBARD, a Fiduciary,<br><br>Plaintiff,<br><br>v.<br><br>WOLF CREEK FEDERAL SERVICES, INC.,<br><br>Defendant. | Case No. 2:22-cv-141<br><br>COMPLAINT |

For their complaint, Plaintiffs allege as follows:

## PARTIES AND JURISDICTION

1. This action arises from Defendant Wolf Creek Federal Services, Inc.'s ("Defendant") failure to pay the full amount of its monthly contributions to Plaintiff, Alaska Local 375 Plumbers & Pipefitters Trust Funds by Robert Hubbard, a Fiduciary (collectively, the "Funds"), in violation of certain collective bargaining agreements and the incorporated Trust documents.

2. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1132 and 1145.

3. Venue is appropriate in this judicial district pursuant to 29 U.S.C. §1132(e)(2) because the Funds are administered in this District.

4. The Funds are multi-employer trust funds within the meaning of Section (37) of

PLAINTIFF'S COMPLAINT – 1

WITHERSPOON · KELLEY
422 WEST RIVERSIDE
AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265

the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002, and have been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5).

5. The Funds are maintained for the purpose of providing retirement, medical and related benefits to eligible participants and beneficiaries.

6. Robert Hubbard is a trustee and fiduciary for the Funds and is authorized to bring this action on the Funds' behalf.

## BACKGROUND

7. At all relevant times herein, Defendant was an Alaska corporation that maintained its principal place of business at 3800 Centerpoint Drive, Anchorage, Alaska, 99503.

8. At all relevant times herein, Defendant was a party to several collective bargaining agreements (collectively, "the CBAs") pursuant to which it was required to pay specified wages and was obligated to make contributions to the Funds on behalf of certain of its employees.

9. Defendant was also bound to certain Trust Agreements establishing the Funds, which were incorporated into the CBAs by reference (the "Trust Agreements").

10. Pursuant to the CBAs and Trust Agreements, Defendant was required to make contributions to the Funds and, upon notice by the Funds, to submit all necessary books and records to the Funds' accountants for the purpose of determining whether contributions to the Funds were made in accordance with the CBAs and Trust Agreements.

11. Defendant's employees performed covered work within the jurisdiction of the CBAs during the time period at issue, December 17, 2015, through December 2020.

PLAINTIFF'S COMPLAINT – 2

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265

12. The Funds' auditors reviewed certain documents of Defendant, including the full payroll and employee roster, for work performed by Defendant at the Fort Greely Army Base for the period of January 2018 through December 2020.

13. The Funds' auditors determined that Defendant was delinquent in fringe benefit contributions of $914,381.45 from January 2018 through December 2020.

14. The auditors did not have payroll records for the period of December 17, 2015, through December 2017, but they made assumptions and estimations of the contributions that would be due to the Funds based on the contributions due from January 2018 through 2020.

15. The auditors estimated that Defendant is delinquent for $446,465.85 in principal fringe benefit contributions for the time period of December 17, 2015, through December 2017.

16. Defendant has failed to pay $1,360,847.30 in principal fringe benefit contributions to the Funds under the CBAs from December 17, 2015, through December 2020.

17. The auditors also determined that, as of October 28, 2021, Defendant owes the Funds liquidated damages in the amount of $136,084.73 and interest in the amount of $416,037.85.

18. Consequently, the combined amount of principal, liquidated damages, and interest owed as of October 28, 2021, was $1,912,969.88.

19. By letter dated October 28, 2021, the Funds demanded from Defendant the total sum of $1,913,069.88 consisting of the following: $1,360,847.30 in contributions, $136,084.73 in liquidated damages, $416,037.85 in interest (calculated through 10/28/21) and $100.00 in attorney fees. A copy is attached as Exhibit A.

20. To date, Defendant has failed and/or refused to pay any sum against the Funds' demand.

PLAINTIFF'S COMPLAINT – 3

WITHERSPOON · KELLEY
422 WEST RIVERSIDE
AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265

21. Because the Funds were forced to file this suit to collect the delinquencies, the amount owed to the Funds has increased as explained below and the Funds reserve the right to adjust the amounts owed to the Funds prior to the Court's entry of judgment in this case.

**CLAIM FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C §§ 1132(g)(2) AND 1145**

22. The Funds incorporate all of the prior paragraphs as if fully set forth herein.

23. Under Section 515 of ERISA, Defendant is delinquent to the Funds due to Defendant's failure to comply with its contribution obligations under the CBAs.

24. Therefore, in accordance with Section 502(g)(2) of ERISA, the Funds are entitled to unpaid contributions, interest, an amount equal to the greater of (i) interest on the unpaid paid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20%, attorneys' fees and costs.

25. As determined by the auditors' review, the Funds are, as of October 28, 2021, entitled to unpaid contributions of $1,360,847.30, liquidated damages of $136,084.73, and interest of $416,037.85, for a grand total of $1,912,969.88.

26. Because the trust agreements provide that liquidated damages increase from 10% to 20% on all due and owing delinquencies once a lawsuit is filed by the Funds, the liquidated damages amount to $272,169.46.

27. Pursuant to Section 502(g)(2)(C) of ERISA, the Funds are entitled to an amount equal to the greater of (i) interest on the unpaid paid contributions, or (ii) liquidated damages. Here, because the interest, which accrues at 12% per annum, is greater than the liquidated damages, the Funds are entitled to a second award of interest for $416,037.85, calculated as of October 28, 2021, instead of the liquidated damages amount of $272,169.46.

PLAINTIFF'S COMPLAINT – 4

WITHERSPOON · KELLEY
422 WEST RIVERSIDE AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265

28. Because the above amounts will keep increasing in the event that Defendant continues to ignore its obligations to pay them, the Funds reserve their right to adjust this calculation prior to the Court's entry of judgment in this case.

29. Because the auditors did not have all of the necessary documentation to complete its audit, the Funds demand that (i) Defendant present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Defendant's covered employees for December 2015 to present to enable the Funds to verify the amounts due and owing to the Funds, and (ii) Defendant file complete and accurate monthly remittance reports with the Funds covering all aspects of Defendant's business operations through the present.

30. Based on the Funds' auditors' review of any and all additional documents received from Defendant, the Funds reserve the right to adjust the amounts demanded.

31. In addition, prior to the Court's entry of judgment in this matter, the Funds reserve their right to submit a petition for reasonable attorneys' fees, interest, liquidated damages, and costs for the Court's review pursuant to 29 U.S.C. § 1132(g)(2).

32. In all, Defendant's failure to fully comply with its contributions obligation, as required under the CBAs, has caused the Funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide medical, pension and other benefits to covered workers.

WHEREFORE, the Funds demand the following relief:

a. For Defendant to be required to file complete and accurate monthly remittance reports with the Funds covering all aspects of Defendant's business operations through the present;

PLAINTIFF'S COMPLAINT – 5

WITHERSPOON · KELLEY
422 WEST RIVERSIDE
AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265

b.  For Defendant to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by Defendant's covered employees for December 2015 to present to enable the Funds to verify the amounts due and owing to the Funds;

c.  For a money judgment in favor of the Funds for all unpaid contributions, liquidated damages, interest, attorneys' fees, and costs of suit; and

d.  For such other and further relief as the Court may deem just.

Dated this 7th day of February 2022.

WITHERSPOON KELLEY

/s/ Asti M. Gallina
Matthew A. Mensik, WSBA #44260
Asti M. Gallina, WSBA #53361

422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509-624-5265
Fax: 509-458-2728
Email: mam@witherspoonkelley.com
         amg@witherspoonkelley.com

Local Counsel for Plaintiffs

-and-

Neil J. Gregorio, Esquire (*pro hac vice forthcoming*)
MO Id. No. 71732
KS Id. No. 28000
PA Id. No. 90895
Jill Helbling, Esquire (*pro hac vice forthcoming*)
PA Id. No. 85959
Ian M. Grecco, Esquire (*pro hac vice forthcoming*)
PA Id. No. 324372

PLAINTIFF'S COMPLAINT – 6

WITHERSPOON · KELLEY
422 WEST RIVERSIDE
AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265

1. 
2. **Tucker Arensberg, P.C.**
3. 1500 One PPG Place
4. Pittsburgh, Pennsylvania 15222
5. (412) 566-1212 (t)
6. ngregorio@tuckerlaw.com
7. jhelbling@tuckerlaw.com
8. igrecco@tuckerlaw.com

Counsel for Plaintiff

TADMS:5638466-3 037340-193377

PLAINTIFF'S COMPLAINT – 7

**WITHERSPOON · KELLEY**
422 WEST RIVERSIDE
AVENUE, SUITE 1100
SPOKANE, WASHINGTON
99201-0302
(509) 624-5265